# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

DEANDRE NIKITA BROWN,

          Defendant.

2:17-cr-00160-JAD-VCF-2

**REPORT AND RECOMMENDATION**

MOTION TO DISMISS INDICTMENT [ECF NO. 187]

    Before the Court is Defendant Deandre Brown's Motions to Dismiss Indictment. (ECF No. 187). For the reasons discussed below, Defendant's motion should be denied.

    Defendant has been charged with Interference with Commerce by Robbery under 18 U.S.C. § 1951, Use of a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(A)(ii), and Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. §1951. (ECF No. 109). 18 U.S.C. 924(c)(3) defines a crime of violence as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Clause (A) is known as the "force clause" and Clause B is known as the "residual clause." *United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018).

    In his motion to dismiss, Defendant argues the residual clause is unconstitutionally vague and cannot serve as the basis for Defendant's indictment. (ECF No. 187 at 3-4). In response, the Government

argues interference with commerce by robbery ("Hobbs Act robbery") qualifies as a crime of violence under the force clause, so the residual clause is not at issue. (ECF No. 202 at 2-4). On July 2, 2018. Defendant filed a supplement[1] to his motion to dismiss. (ECF No. 203). Defendant now argues that a Hobbs Act robbery is not a crime of violence under the force clause because extortion does not require force, intimidation could only require *de minimis* force, and a defendant could commit robbery without using or threatening force intentionally. (*Id.* at 4-31). However, Defendant "recognizes the Ninth Circuit recently rejected these arguments [in] *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) (per curiam). Because [in Defense Counsel's opinion] *Watson*'s analysis is cursory and unpersuasive, Mr. Brown makes these arguments here to preserve them for possible [en] banc or Supreme Court review." (*Id.* at 5).

      Defendant challenges both the force and residual clauses of 18 U.S.C. 924(c)(3)(A). In *Watson*, the Ninth Circuit rejected each of Defendant's arguments regarding the force clause. 881 F.3d at 785-786. The Ninth Circuit concluded that (1) even the least violent form of robbery requires the implicit threat of violent physical force, (2) robbery involves, at minimum, the knowing use of intimidation, and (3) robbery and extortion are divisible offenses under the statute. (*Id.*). Because the Court should find that a Hobbs Act robbery qualifies as a 18 U.S.C. § 924(c)(1)(A)(ii) crime of violence under 18 U.S.C. 924(c)(3)'s force clause, the Court should deny Defendant's motion to dismiss. The Court should not analyze 18 U.S.C. 924(c)(3)'s residual clause, as it is not necessary to the Court's ruling on this motion. *See Watson*, 881 F.3d at 784.

///

///

---

[1] The Court is construing the supplement as a reply to the Government's response to the motion to dismiss. Because the Court recommends ruling in the Government's favor, the Court did not provide the Government a chance to file any response to Defendant's supplement.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Defendants' Motions to Dismiss Indictment (ECF No. 187) should be DENIED.

DATED this 3rd day of July, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE